CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 30 2007

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:07cr00022 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| CRYSTAL L. DAVIS, ) | |
| ) | By: Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned a multi-count Indictment charging this defendant in Count One with the willful and knowing participation in a criminal conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of a mixture or substance containing cocaine base (also known as "crack") and a mixture or substance containing a detectable amount of cocaine hydrochloride, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 846; in Count Three with a November 16, 2006 knowing and intentional distribution, aided and abetted by others, of a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; and in Count Four with a November 30, 2006 knowing and intentional distribution, aided and abetted by others, of five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

This defendant was previously arraigned and entered pleas of Not Guilty to these charges. Having now indicated an intent to change her plea to one or more of these offenses, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on August 27, 2007. The defendant was at all times present in person and with her counsel, W. Kent Bowers. The United States was represented by Bruce A. Pagel, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

### A.   DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that her full legal name is Crystal Lynn Davis. She stated that she is twenty-five (25) years of age; she has a ninth grade education, and she can read, write and understand English without difficulty. She stated that her mind was clear and that she knew she was in court for the purpose of entering a plea of guilty to one or more felony offenses. She denied having any medical condition, either physical or mental, which might interfere with her ability to understand and participate fully in the proceedings, and she similarly denied using (or being under the influence of) any medications, drugs, or alcohol which might impair her ability to understand and participate fully in the proceedings. Additionally, defense counsel represented that he had no reservations about the defendant's competency to change her plea and to enter a plea of guilty.

The defendant confirmed that she had in fact previously received a copy of the Indictment against her. She testified that she had discussed the charges with her attorney, that she understood the charges, and that she knew each was a felony. *See* Rule 11(b)(1)(G). She testified that she had been given adequate time to prepare any defenses she might have to the charges contained in the Indictment, that she was fully satisfied with the services of her attorney, and that it was her intention and desire to change her prior plea and to enter a plea of guilty to one of the charges against her.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed change in her prior plea to one of the charges pending against her was to be made pursuant to a written plea agreement. *See* Rule 11(c)(2). The government's understanding of the plea agreement was then stated in some detail, including the defendant's agreement to plead guilty to the charge alleged against her in Count One and her attendant waiver of certain listed constitutional rights [¶ 1]; the defendant's express acknowledgment of the maximum punishment which the court may impose and the mandatory minimum term of ten (10) years in prison, plus a term of supervised release [¶ 1]; the government's agreement to the dismissal of Counts Three and Four against this defendant upon acceptance of her agreed plea of guilty [¶ 2]; the defendant's waiver of any right to a jury determination of guideline-related issues [¶ 7]; the agreement's provision concerning the defendant's role in the offense [¶ 3]; the agreement's acceptance of responsibility provision [¶ 4]; the sentencing recommendation provision [¶ 6]; the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment [¶¶ 1 and 5] (*See* Rule 11(b)(1)(L)); the defendant's waiver of the right to appeal any sentence or sentencing-related issues [¶ 7] (*See* Rule 11(b)(1)(N)); the defendant's waiver of any right to attack either her sentence or conviction in any post-conviction proceeding [¶ 8] (*See* Rule 11(b)(1)(N)); the defendant's waiver of all rights of access to any case or investigation-related records [¶ 9]; the agreement's terms regarding any evidence proffer [¶ 10]; the terms of the agreement's substantial assistance provision [¶ 11]; the terms of the defendants's statute of limitations waiver [¶ 13]; the defendant's consent to the abandonment, official use, or destruction of contraband [¶ 12]; the terms of the government's agreement not to seek additional criminal prosecution in this judicial district [¶ 14]; the terms of the agreement's asset forfeiture provision [¶ 17]; and the substance of the agreement's other terms [¶¶ 15-16 and 18-20].

After which, the defendant was again addressed in open court, and she stated her understanding was the same as that set forth by the government's attorney. Counsel for the defendant also represented that his understanding of the plea agreement was the same as that set forth by the government's attorney, and he further represented that he had reviewed each of the terms of the plea agreement with his client and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement, and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty in the case. The plea agreement was then received, filed, and made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms, and as such it "speaks for itself."

Upon further inquiry, the defendant stated that she knew that her plea, if accepted, would result in her being adjudged guilty of the offense for which she was proposing to plead guilty and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

She expressly acknowledged that she was proposing to enter a plea of guilty to Count One of the Indictment which charged her with participation in a criminal conspiracy to distribute and to

possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") and a mixture or substance containing a detectable amount of cocaine hydrochloride, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A).

After the attorney for the government orally stated the mandatory minimum term of imprisonment and the maximum possible penalty provided by law for the offence, the defendant expressly acknowledged her understanding that a mandatory minimum term of ten (10) years in prison was provided by law for the offense set forth in Count One,[1] and the defendant, likewise, expressly acknowledged that she understood imprisonment for the remainder of her life and a $4,000,000.00 fine to be the maximum penalty provided by law for conviction of the said felony offense. *See* Rule 11(b)(1)(H)-(I). Additionally, she acknowledged that upon release following any term of incarceration she knew that she would be required to serve a significant period of supervised release. *See* Rule 11(b)(1)(H).

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant

---

[1] The defendant was informed that she could be sentenced to less than ten years imprisonment if the Government makes a motion pursuant to 18 U.S.C. § 3553(e) on her behalf, or if she qualifies for the "Safety Valve" set forth in 18 U.S.C. § 3553(f).

with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide restitution. She acknowledged that she understood that the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). She also stated that she knew that she would be required to pay the mandatory One Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). In addition, she acknowledged that she understood the court would not be able to determine the recommended guideline sentence for her case until after the presentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer. She acknowledged that she understood, irrespective of any sentence imposed by the court, she would have no right to withdraw her plea of guilty. *See* Rule 11((c)(3)(B). She was informed and acknowledged that parole had been abolished and that she would not be released on parole.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained: including: her right to persist in her previous pleas of not guilty to the offenses charged against her

(*See* Rule 11(b)(1)B)); her attendant rights to a trial by jury (*See* Rule 11(b)(1)(C)) and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding (*See* Rule 11(b)(1)(D)); her right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses (*See* Rule 11(b)(1)(E)); her right to be protected from compelled self-incrimination (*See* Rule 11(b)(1)(E)); her right to testify and to present evidence in her defense; her right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in her defense (*See* Rule 11(b)(1)(E)); her presumption of innocence; the obligation of the government to prove her guilt beyond a reasonable doubt; the right on her part to decline to testify unless she voluntarily elected to do so in her own defense; and her right to have a unanimous guilty verdict. The defendant testified that she understood her right to persist in her plea of not guilty and the attendant rights that she would waive upon entry of a guilty plea to Count One of the Indictment. *See* Rule 11(b)(1)(F).

The defendant also expressly acknowledged that, pursuant to the terms of the plea agreement, she was waiving (or "giving-up") her right to appeal her conviction, her right to appeal any guideline sentencing issues, her right to appeal her sentence on any grounds, and her right to contest either her conviction or her sentence in any post-conviction proceeding.

She stated that she understood she would be bound by, and could not withdraw, her guilty plea even if the court's sentence was more severe than she expected. She stated that she knew parole had been abolished, that she would not be released on parole from any period of incarceration, that she understood that she would likely be ordered to serve a significant period of "supervised release"

in addition to a term of imprisonment, and that any violation of the terms and conditions of supervised release could result in her return to prison for an additional period of time.

Without equivocation, the defendant stated that she knew that her entry of a guilty plea constituted an admission of all the elements of a formal criminal charge and that she was pleading guilty because she was in fact guilty of the crime charged in Count One of the Indictment.

In response to further questioning to ensure that her proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) her plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that her decision to plead guilty was in fact fully voluntary on her part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the plea (*See* Rule 11(b)(3), counsel for the government submitted, by proffer, a written Statement of Facts outlining the evidence the government was prepared to introduce at trial. Counsel for the defendant then confirmed that the proffer accurately outlined the evidence upon which the government would rely at trial. The defendant similarly confirmed that the proffer summarized the government's case against her  Counsel for the defendant also represented that he had previously received and discussed the contents of the written Statement of Facts with his client. After noting that the written Statement of Facts had been initialed by both the defendant and his attorney, it was received and filed and made a part of the record.

9

After consultation with her attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging her violation of Title 21, United States Code, Sections 846 and 841. The defendant then executed the requisite written form, and it was filed and made a part of the record.

After entering her plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of her aforesaid plea, the defendant reiterated her satisfaction with the advice, assistance and services of her attorney.

Pursuant to the order of referral, the appropriate probation office was directed to initiate a presentence investigation and preparation of a presentence report. The defendant was then continued on bond pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

As noted above, to provide an independent factual basis for the defendant's plea, counsel for the government submitted, and it was received as evidence, a written Statement of Facts outlining the evidence the government was prepared to introduce at trial. *Inter alia*, it showed that in November and December 2006, Thomas Lee Davis, an indicted co-conspirator, agreed to make five illegal controlled sales of cocaine hydrochloride or cocaine base to undercover agents, that the defendant directly participated in two cocaine base sales totaling 74.7 grams, that both the weight

and Schedule II content of the drugs involved in these two transactions were confirmed by proper laboratory analysis, that drug transactions occurred in the Western Judicial District of Virginia, and that each was audio-taped and further confirmed by reference to relevant telephone toll records, and that the defendant worked as a drug distributor and facilitator for the said Thomas Davis.

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant fully understands and is fully aware of the nature of the charges against her and the consequences of her plea of guilty to Count One;

3. The defendant is fully informed, and she understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering her plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and her tender of a plea of guilty to Count One were each made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with full knowledge and understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is intelligently made, is fully voluntary, and did not result from any force, threats, or promises other than those contained in the plea agreement;

8. The defendant's plea of guilty is an admission on her part of the substantive offense charged in Count One of the Indictment;

11

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent factual basis containing each essential element of the offense to which the defendant is pleading guilty.

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment, that the defendant be adjudged guilty of the said offense, that the government's motion to dismiss Counts Three and Four be granted, and that a sentencing hearing be scheduled by the presiding district judge.

### E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review**.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record. And at the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: 27nd day of August 2007.

/s/ JAMES G. WELSH
United States Magistrate Judge